FILED
COURT OF APPEALS
DIVISION II

2013 FEB 26 AM 10: 22

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>   v.<br><br>WILLIAM N. SCHENCK, III,<br><br>               Appellant. | No. 42451-7-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, C.J. — William Schenck appeals a 2011 order finding that he had eight violations of his community placement conditions and imposing 480 days of confinement. He argues that we should reverse these violations because (1) RCW 72.09.270(8) does not apply retroactively to him, (2) RCW 72.09.270(8) violates ex post facto prohibitions, (3) the trial court failed to make findings of fact, and (4) no evidence supports one violation.

In his pro se statement of additional grounds, Schenck argues that (1) the statute does not apply to him because he was on community placement not community custody, (2) the sentencing court imposed no geographic restrictions on him, (3) the preapproved release address provision did not apply to him because he served his maximum sentence and was not seeking early release, (4) he did not willfully violate any condition, (5) imposing geographic restrictions on him amounted to unconstitutional banishment, (6) the sentencing court erred in imposing 24 months of community placement when it only had authority to impose 12 months, and (7) the court erred in finding two urinalysis requirement violations because both encompassed the same conduct. We affirm.

No. 42451-7-II

FACTS

The Department of Corrections (Department) released Schenck to community placement in May 2010 after Schenck served his entire 120-month sentence for his 2002 conviction of solicitation to commit first degree murder. *State v. Schenck*, 169 Wn. App. 633, 637, 640, 281 P.3d 321 (2012). On October 28, 2010, the Cowlitz County Superior Court sentenced Schenck to 20 days of confinement for failing to reside in Thurston County and report to the Department in Thurston County. 169 Wn. App. at 642. Schenck appealed this decision and this court affirmed, finding, inter alia, (1) RCW 72.09.270(8)'s "county of origin" requirement was not impermissively retroactively applied to Schenck because Schenck's release from prison after the statute's effect was the precipitating event and because Scheck did not have a vested interest in release to Cowlitz County, and (2) the "county of origin" requirement did not violate ex post facto prohibitions.[1] 169 Wn. App. at 644-651.

While his 2010 appeal was pending, the superior court found eight additional community placement violations for violations documented in reports dated November 24, 2010, January 3,

_____

[1] This court refused to consider Schenck's statement of additional grounds because Schenck's community placement had expired on May 7, 2012, and there was no relief this court could provide. 169 Wn. App. at 637 n.2. Schenck argued that (1) his community placement should be 12 months, not 24 months; (2) community placement conditions did not apply to him because he was on postrelease supervision; (3) only those conditions explicitly stated on his judgment and sentence applied to him; and (4) this court should not toll his community placement during this litigation and appeal. 169 Wn. App. at 637 n.2.

2

No. 42451-7-II

2011, and January 27, 2011.[2] On March 25, 2011, the superior court ordered Schenck to serve 480 days in jail for these violations. Schenck appeals.

DISCUSSION

This court previously addressed two of the issues Schenck raises in this appeal. *State v. Schenck*, 169 Wn. App. at 633. That decision is binding as to Schenck's retroactivity and ex post facto claims. *See Folsom v. County of Spokane*, 111 Wn.2d 256, 759 P.2d 1196 (1988) (court will only reconsider an identical legal issue in a subsequent appeal in the same case if the holding of the prior appeal is clearly erroneous and applying the law of the case doctrine would result in a manifest injustice).

---

[2] The November 24, 2010 report listed three violations:
    (1)   Failing to report to the Department of Corrections in Thurston County, Washington as directed since 11/22/2010.
    (2)   Leaving Thurston County without permission on or about 11/22/2010.
    (3)   Failure to make himself available for urinalysis testing as directed by his supervising Community Corrections Officer since 11/22/2010.
Clerk's Papers (CP) at 5.

The January 3, 2011 report listed two violations:
    (1)   Failing to report to assigned [Community Corrections Officer] within 24 hours of release from custody on or about 1/03/2010.
    (2)   Remaining in Cowlitz County without permission since on or about 01/03/2010.
CP at 10.

The January 27, 2011 report listed three violations:
    (1)   Failing to report to assigned Community Corrections Officer since on or about 01/10/2011.
    (2)   Failure to be available for random urinalysis testing since on or about 01/10/2011 in Thurston County, WA.
    (3)   Remaining in Cowlitz County without permission on or about 01/21/2011.
CP at 23.

3

No. 42451-7-II

As to Schenck's claim that the superior court failed to enter findings of fact in support of the violations and that the record does not support one of the violations, there is no relief this court can provide as Schenck has served his community placement and is no longer under the Department's jurisdiction. 169 Wn. App. at 637 n.2. "[I]f a court can no longer provide effective relief," an issue is moot. *In the Matter of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). And we will not review a moot issue unless it involves "matters of continuing and substantial public interest."[3] 99 Wn. 2d at 377. All the claims Schenck raises in his statement of additional grounds are unique to him and not of substantial public interest. This court will not address the merits of his claims. 169 Wn. App. at 637 n.2 (citing *State v. Sansone*, 127 Wn. App. 630, 636, 111 P.3d 1251 (2005)). There being no addressable claims, the superior court's decision is affirmed.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, C.J.

We concur:

_____
Van Deren, J.

_____
Penoyar, J.

_____

[3] The criteria for deciding if a matter is of substantial public interest are "(1) the public or private nature of the question presented; (2) the desirability of an authoritative determination which will provide future guidance to public officers; and (3) the likelihood that the question will recur." *Dunner v. McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984).

4